UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TRG HOLDINGS G & H, LLC,

      Plaintiff,

      v.

ASHOKKUMAR R. PATEL, M.D.,
and MAHENDER PAMPATI, M.D.,

      Defendants.

CIVIL ACTION NO.
1:21-CV-4694-JPB

## **ORDER**

This matter comes before the Court on TRG Holdings G & H, LLC's

("Plaintiff") Motion to Remand [Doc. 6].  This Court finds as follows:

## **BACKGROUND**

Plaintiff is a limited liability corporation formed for the purpose of

expanding radiology practices in the United States.  [Doc. 1-1, p. 5].  Plaintiff

approached Ashokkumar Patel, M.D., and Mahender Pampati, M.D., (together,

"Defendants"), with the opportunity to join its network of practices.  Id. at 6.

Plaintiff and Defendants[1] thus entered into a Share Purchase Agreement (the

---

[1] Other entities also signed the Share Purchase Agreement, but they are not parties in the
present lawsuit.

"Agreement") on August 17, 2020.  See id. at 23.  As relevant here, Section 8.4 of

the Agreement provides the following (hereinafter the "Forum Selection Clause"):

> Any Legal Proceeding relating to this Agreement or the enforcement
> of any provision of this Agreement may be brought or otherwise
> commenced only in any state [or] federal court located in the State of
> Georgia (the "Courts").  Each party to this Agreement:  (i) irrevocably
> and unconditionally consents and submits to the exclusive jurisdiction
> and venue of the Courts; (ii) agrees that each of the Courts shall
> deemed to be a convenient forum; and (iii) agrees not to assert (by
> way of motion, as a defense or otherwise), in any such Legal
> Proceeding commenced in any Court, any claim that such party is not
> subject personally to the jurisdiction of such court, that such Legal
> Proceeding has been brought in an inconvenient forum, that the venue
> of such Legal Proceeding is improper or that this Agreement or the
> subject matter of this Agreement may not be enforced in or by such
> court.

Id. at 49.

On October 25, 2021, Plaintiff filed this action in the Superior Court of

Fulton County against Defendants, asserting claims for breach of contract, fraud

and attorney's fees.  See id. at 4.  Defendants removed the case to this Court on

November 12, 2021, on the basis of diversity of citizenship.  [Doc. 1].  Plaintiff

filed a Motion to Remand on December 1, 2021, seeking remand under the

Agreement's Forum Selection Clause.  [Doc. 6].

2

As a threshold matter, the Court finds that it has jurisdiction under 28 U.S.C. § 1332(a). The parties are diverse,[2] and the amount in controversy exceeds $75,000. Therefore, the only issue before the Court is whether Defendants waived their right to remove by virtue of the Forum Selection Clause.

## ANALYSIS

### A.    Legal Standard

Under 28 U.S.C. § 1447(c), a party may move to remand a case within thirty days of the filing of the notice of removal "on the basis of any defect other than

---

[2] Defendants filed a surreply without seeking leave of this Court, [Doc. 10], to which Plaintiff responded, [Doc. 13]; see Fedrick v. Mercedes-Benz USA, LLC, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005) ("Neither the Federal Rules of Civil Procedure nor this Court's Local Rules authorize the filing of surreplies."). The Court reviewed these filings nonetheless. In Plaintiff's response to Defendants' surreply, Plaintiff argues that this Court lacks subject matter jurisdiction because the parties are not diverse. [Doc. 13, pp. 2–3]. Plaintiff asserts that both it and Defendants are citizens of Kentucky. While Defendants are Kentucky citizens, Plaintiff is not: Plaintiff is an LLC, and its sole member and owner is a citizen of Georgia. Accordingly, for the purposes of diversity jurisdiction, Plaintiff is a Georgia citizen. See Flintlock Constr. Servs., LLC v. Well-Come Holdings, LLC, 710 F.3d 1221, 1224 (11th Cir. 2013).

Plaintiff also claims that this case should be remanded because the Eastern District of Kentucky remanded a separate case for lack of diversity that "involv[ed] the same parties." [Doc. 13, p. 4]. But the parties to that litigation were plainly not the same parties here. There, Defendants in this case sued Gram Resources, Inc.; Hazard Radiology, Inc.; Anand Lalaji, M.D.; The Radiology Group, LLC; William Crenshaw; and Plaintiff. See Patel v. Gram Resources, Inc., No. 6:21-CV-141, slip op. at 1 (E.D. Ky. Aug. 25, 2021). As established, Defendants are Kentucky citizens; but so are Gram Resources and Hazard Radiology, thus defeating complete diversity in the Kentucky case. Id. at 2. Neither of these entities are parties in this case.

lack of subject matter jurisdiction."[3]  Section 1447(c) applies, for example, to

forum selection clauses that waive or limit the right of removal.  Shipley v.

Helping Hands Therapy, 996 F.3d 1157, 1160 n.2 (11th Cir. 2021).  In turn, forum

selection clauses are enforceable in federal courts, and courts may remand a case to

enforce a valid forum selection clause.  Snapper, Inc. v. Redan, 171 F.3d 1249,

1263 n.26 (11th Cir. 1999).

"Forum selection clauses are interpreted according to ordinary contract

principles and may constitute waivers of the right to remove."  Ocwen Orlando

Holdings Corp. v. Harvard Prop. Tr., LLC, 526 F.3d 1379, 1381 (11th Cir. 2008).

Moreover, forum selection clauses are either permissive or mandatory in nature.

Glob. Satellite Commc'n Co. v. Starmill U.K. Ltd., 378 F.3d 1269, 1272 (11th Cir.

2004).  "A permissive clause authorizes jurisdiction in a designated forum but does

not prohibit litigation elsewhere.  A mandatory clause, in contrast, 'dictates an

exclusive forum for litigation under the contract.'"  Id. (quoting Snapper, 171 F.3d

at 1262 n.24).  Courts have also recognized an "intermediate category" of forum

selection clauses that "provide[] for permissive jurisdiction in one forum that

becomes mandatory upon the party sued."  Ocwen, 526 F.3d at 1381.

---

[3] The removing party bears the burden of establishing federal jurisdiction.  Kirkland v.
Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001).

**B.      Waiver of Removal**

The Forum Selection Clause provides that the parties to the Share Purchase

Agreement

> agree[] not to assert (by way of motion, as a defense or otherwise), in
> any such Legal Proceeding commenced in any Court, any claim that
> such party is not subject personally to the jurisdiction of such court,
> that such Legal Proceeding has been brought in an inconvenient
> forum, that the venue of such Legal Proceeding is improper or that
> this Agreement or the subject matter of this Agreement may not be
> enforced in or by such court.

[Doc. 1-1, p. 49].  Plaintiff contends that this language encompasses a waiver of

the right to removal.  Defendants disagree with this interpretation and argue that

they did not waive any such right.

Because forum selection clauses are governed by ordinary contract

principles, the Court begins with the plain language of the Agreement.  Slater v.

Energy Servs. Grp. Int'l, Inc., 634 F.3d 1326, 1330 (11th Cir. 2011) ("Under

general contract principles, the plain meaning of a contract's language governs its

interpretation.").  Here, the parties agreed "not to assert (by way of motion, as a

defense or otherwise), in any such Legal Proceeding commenced in any Court, any

claim" that they are not subject to the jurisdiction of that court, that the forum is

inconvenient, that venue is improper or that the given court cannot enforce the

Agreement.  [Doc. 1-1, p. 49].  Defendants explain that the Forum Selection

Clause "limits specific grounds for objection" and that they "did not remove the action based on those grounds." [Doc. 8, p. 10]. Defendants note further that the Forum Selection Clause "does not expressly waive the right to remove or constitute a blanket waiver of rights." Id. The Court is inclined to agree.

Cases from the Eleventh Circuit Court of Appeals guide the Court's interpretation of the Forum Selection Clause. In Snapper, the provision at issue stated:

> The Undersigned agrees that any legal action or proceeding with respect to this instrument may be brought in the courts of the State of Georgia or the United States District Court, Northern District of Georgia, Atlanta Division, all as Creditor may elect. By execution of this instrument, the Undersigned hereby submits to each such jurisdiction, hereby expressly waiving whatever rights may correspond to it by reason of its present or future domicile.

171 F.3d at 1260. In interpreting this provision, the Eleventh Circuit concluded that the undersigned waived its right to remove. Id. at 1262. More specifically, the court determined that the undersigned's waiver of "whatever rights may correspond to it by reason of its present or future domicile" encompassed all rights, including the right to removal—which was "the most obvious, if not the only, candidate for an additional right based on domicile that might be covered by this clause." Id. The court also noted that the forum selection clause contained a

provision that allowed the creditor to elect the particular forum and that allowing removal would thus "def[y] that express language of the contract." Id.

In Global Satellite, the Eleventh Circuit discussed a narrower forum selection clause: "Venue shall be in Broward County, Florida. . . . The parties to this agreement herein expressly waive the right to contest any issues regarding venue or in personam jurisdiction and agree in the event of litigation to submit to the jurisdiction of Broward County, Florida." 378 F.3d at 1271. Unlike the waiver in Snapper that encompassed "whatever rights may correspond to [a party] by reason of its present or future domicile," 171 F.3d at 1260, this waiver was "clearly limited to issues regarding venue or in personam jurisdiction" and did "not encompass the statutory right to remove," 378 F.3d at 1273. The Forum Selection Clause in this case is similarly limited. Defendants did not cede "whatever rights" are associated with domicile as in Snapper. Instead, they agreed not to contest personal jurisdiction or to claim that the forum is inconvenient, the venue is improper or that the chosen court cannot enforce the Agreement. Defendants have not raised any of these claims by removing the case. The Court therefore finds that the Forum Selection Clause does not contain a waiver of the right to remove.

Nonetheless, Plaintiff argues that this case should follow the outcome of

AdvanceMe, Inc. v. Le Magnifique, LLC, No. 1:13-CV-2715, 2014 WL 61526

(N.D. Ga. Jan. 8, 2014).  There, the provision at issue was the following:

> Seller and Principal(s) further irrevocably and unconditionally consent and submit to the jurisdiction of any state or federal court sitting in New York City or Westchester County, New York or Cobb County, Georgia to resolve any suit, action, controversy or proceeding of any kind . . . between or among the Parties . . . .  Seller and Principal(s) waive, to the fullest extent permitted by law, (i) any objection that Seller or Principal(s) may now or later have to the laying of venue in any suit, action, controversy, or proceeding . . . in any of the above-named courts . . . .

Id. at *3 (alterations in original).  The AdvanceMe court concluded that the

defendant waived the right to remove the case from the State Court of Cobb

County.  Id. at *5.  This finding was because the forum selection clause was

"precise [as to] in which courts the parties waive objections to venue.  The waiver

[was] not purely geographical; it [was] a waiver of venue in particular courts—

state or federal—sitting in the specified locales."  Id.  Because of this precision, the

court did not have to guess which forum the parties intended to designate.  Id.  The

court thus held that "[b]y waiving objection to the laying of venue in the State

Court of Cobb County, among other courts, Defendants waived their right to

remove."  Id.

The Court returns to the text of the Agreement to assess Plaintiff's argument that AdvanceMe informs the outcome of this case.  Here, the parties agreed "not to assert (by way of motion, as a defense or otherwise), in any such Legal Proceeding commenced in any Court, any claim . . . that the venue of such Legal Proceeding is improper."  [Doc. 1-1, p. 49].  This language differs from what was at issue in AdvanceMe:  a broad waiver of "any objection . . . to the laying of venue of any suit . . . in any of the above-named courts."  2014 WL 61526, at *3.  The Forum Selection Clause here curtails the parties' ability to assert four categories of specific claims:  lack of personal jurisdiction, inconvenient forum, improper venue or that "the subject matter of [the] Agreement may not be enforced in or by" the court.  [Doc. 1-1, p. 49].  This language is narrower and more specific than the terms at issue in AdvanceMe, and this Court thus cannot read the Forum Selection Clause as encompassing a waiver of the right to remove.[4]

---

[4] The Court also notes an additional distinction between this case and AdvanceMe. There, the plaintiff argued that removal was improper because although the forum selection clause provided for "any state or federal court sitting in . . . Cobb County, Georgia," no federal court sits in Cobb County. 2014 WL 61526, at *3. The defendants contended that removal was proper because the Northern District of Georgia encompasses Cobb County. Id. The AdvanceMe court did not address this argument in detail, but this Court notes it nonetheless. There is no question in this case that the terms of the Forum Selection Clause authorize litigation "in any state [or] federal court located in the State of Georgia," and thus the Superior Court of Fulton County is as proper a court as the U.S. District Court for the Northern District of Georgia. [Doc. 1-1, p. 49]. In contrast, a plausible reading of the forum selection clause in AdvanceMe limited the

Finally, the Court briefly addresses the nature of the Forum Selection

Clause.  Defendants argue that it is permissive "because it does not contain the

word 'shall' but employs the word[] 'may.'"  [Doc. 8, p. 9].  In contrast, Plaintiff

characterizes the Forum Selection Clause as hybrid in nature, pointing to the

following language:  the parties "agree[] not to assert (by way of motion, as a

defense or *otherwise*), in any such Legal Proceeding commenced in any *Court*, any

claim . . . ."  [Doc. 9, p. 7].  Plaintiff focuses on the shift from "Courts," as the

Agreement initially defines the term, to "Court," the singular form used in the

italicized portion above.  See id.  Plaintiff contends that "[o]nce that legal

proceeding commences, the legal proceeding is to remain in that 'Court.'  The only

logical interpretation of this provision is to keep a legal proceeding, arising out of

the Share Purchase Agreement, in the 'Court' where the proceeding commenced."

Id.

This Court finds that the Agreement's language is distinguishable from other

cases in which courts have found forum selection clauses to be "hybrid."  In

Ocwen, the Eleventh Circuit interpreted the following clause:  "Seller and

---

parties to the court that *sits in* Cobb County (i.e., the State Court of Cobb County) and not
any court that simply encompasses that geographic region.  Therefore, removing the
matter in AdvanceMe conceivably took the case into a forum not permitted by the terms
of the forum selection clause.  That is not the case here.

Purchaser[] waive any objection to the venue of any action filed in any court

situated in the jurisdiction in which the property is located and waive any right to

transfer any such action filed in any court to any other court."  526 F.3d at 1381

(capitalization altered).  The court found this clause to be "hybrid" because while

the first portion was permissive, the latter portion waived the right to transfer and,

by doing so, required the parties to remain in the court in which litigation was

commenced.  Id.  In Snapper, the court similarly found that the forum selection

clause combined permissive and mandatory components.  That clause was

"permissive" because it provided several options for a forum, but it gave one party,

the creditor, "an absolute right to choose the forum."  171 F.3d at 1262 n.24.

Therefore, the clause in Snapper was "mandatory" as to the guarantors "because it

require[d] an absolute submission by them to the jurisdiction of whichever of these

fora that [the creditor] chooses."  Id.  Central to the Snapper analysis, then, was

that one party held the express right to select the forum.

It does not follow from Snapper or Ocwen that the Forum Selection Clause

in this case is necessarily hybrid.  The Forum Selection Clause neither waives the

right to transfer, as in <u>Ocwen</u>, nor expressly vests the choice of forum in a specific

party, as in <u>Snapper</u>.  The Court therefore declines to remand on this ground.[5]

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Remand [Doc. 6] is

**DENIED**.  Plaintiff shall respond to Defendants' Motion to Dismiss [Doc. 5]

within ten days of this Order.[6]  Any reply shall be filed no later than five days after

the filing of a response.

**SO ORDERED** this 12th day of August, 2022.

_____
J. P. BOULEE
United States District Judge

---

[5] Having decided the remand issue by reference to the Forum Selection Clause, the Court declines to address the other arguments raised by the parties, some of which appear to be best handled in the disposition of the pending Motion to Dismiss.

[6] The Court recognizes that it initially provided Plaintiff fourteen days for a response in the order granting Plaintiff's Motion for Extension of Time to File Response to Defendants' Motion to Dismiss.  <u>See</u> December 3, 2021 Docket Entry.  The Court, however, is shortening the briefing period to expedite resolution of the pending Motion to Dismiss.